UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:19-cr-00049-LRH-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| ALBERT JOSE DIAZ-ORDAZ, JR., | |
| Defendant. | |

Before the Court is Defendant Albert Diaz-Ordaz's ("Diaz-Ordaz") letter requesting compassionate release (ECF No. 38). The government filed a response (ECF No. 41), to which no reply was filed. For the reasons articulated in this Order, the Court denies Diaz-Ordaz's request.

**I.  BACKGROUND**

In September 2019, Diaz-Ordaz robbed a bank in northern Nevada of $10,000. *See* ECF No. 1. During the robbery, Diaz-Ordaz acted as if he were armed and threatened the bank teller with harm. *Id.* After federal agents conducted a review of the relevant surveillance footage and corresponding evidence, Diaz-Ordaz was indicted on October 3, 2019, for Bank Robbery in violation of 18 U.S.C. § 2113(a).

On March 16, 2020, following Diaz-Ordaz's guilty plea, this Court sentenced him to 33 months' imprisonment. ECF No. 34. Diaz-Ordaz has a projected release date to transitional housing on August 31, 2021. Diaz-Ordaz now seeks compassionate release to home confinement on the grounds that he is at serious risk of illness from COVID-19. ECF No. 38.

///

1

## II. LEGAL STANDARD

Under 18 U.S.C. § 3582(c), "the court may not modify a term of imprisonment once it has been imposed," except under specified conditions. For a motion brought under § 3582(c)(1)(A)(i), those specified conditions include the exhaustion of administrative remedies or the Bureau of Prison's inaction for thirty days. The Court finds that Diaz-Ordaz has exhausted the administrative remedies available.

18 U.S.C. § 3582(c)(1)(A) provides:

> [T]he court, . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses, for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The relevant United States Sentencing Guidelines policy statement provides that the Court may reduce a term of imprisonment if the Court determines that:

> (1) (A) extraordinary and compelling reasons warrant the reduction; or
>
> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018). Extraordinary and compelling reasons include (1) the medical condition of the defendant, (2) the age of the defendant, (3) family circumstances, or (4) any other extraordinary or compelling reason, as determined by the Director of the Bureau of Prisons. *Id.* § 1B1.13 app. n.1.

///

The Court, in ruling upon a motion for reducing sentence or modifying judgment, may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." In addition to this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) to the extent that they are applicable and decide if a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

## II. DISCUSSION

Diaz-Ordaz has not presented extraordinary and compelling reasons warranting a release or reduction in his sentence. The risk of exposure to COVID-19 presents an extraordinary and compelling reason warranting compassionate release when it is compounded by an inmate's specific medical condition or characteristic. Diaz-Ordaz argues that both his BMI and history as a smoker give rise to extraordinary and compelling circumstances warranting a reduction in his sentence.

However, as Diaz-Ordaz acknowledges in his letter, he has recently received the first dose of the COVID-19 vaccine. The Court is confident that the vaccine will—if not already has—reduce the spread of COVID-19 throughout the federal prison inmate population. At this time, there is no indication that the vaccine's efficacy is diminished by a specific variant or some other mutation. On balance, because of the extremely promising data surrounding the vaccine, the Court finds that extraordinary and compelling reasons do not exist in this case.

Moreover, Diaz-Ordaz is serving his sentence at FCI Danbury. There is no indication that FCI Danbury is currently experiencing an outbreak of COVID-19. The Bureau of Prisons reports that there are 703 inmates at FCI Danbury. Of those 703, zero are currently infected with COVID-19.[1] FCI Danbury is following BOP required procedures to control the spread of the virus and, while an outbreak is never entirely preventable, the steps taken by the prison officials have diminished the threat of a COVID-19 flare-up.

///

---

[1] Bur. of Prisons, COVID-19, https://www.bop.gov/coronavirus/ (last visited May 25, 2021).

Therefore, because Diaz-Ordaz has not presented extraordinary and compelling reasons warranting release, the Court will deny his request for compassionate release. The Court finds that Diaz-Ordaz should serve the sentence imposed against him to reflect the seriousness of his offense, to promote respect for the law, and to provide just punishment for the offense committed.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Diaz-Ordaz's letter requesting compassionate release (ECF No. 38) is **DENIED**.

IT IS FURTHER ORDERED that the government's motion for leave to file exhibit A under seal (ECF No. 42) is **GRANTED** because Diaz-Ordaz's medical history is protected.

IT IS SO ORDERED.

DATED this 26th day of May, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE